UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRY BOYD,

    Plaintiff,

v.                                                   Case No: 6:16-cv-989-Orl-22TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

Pending before the Court is Defendant State Farm's Motion to Strike Plaintiff's Untimely Disclosed Witnesses and Exhibits and Motion to Prohibit Plaintiff's Treating Physicians from Providing Opinions on Causation, Prognosis, Or Future Implications of Plaintiff's Alleged Injuries During Trial (Doc. 63). Plaintiff has failed to file a response to the motion and the time for doing so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

unopposed). As Plaintiff has raised no objection to the facts presented in the motion or the relief sought, and the motion is otherwise meritorious, it is **GRANTED**.

The uncontroverted facts show that Plaintiff failed to timely and properly disclose witnesses and corresponding records relating to the treatment of Plaintiff. On March 21, 2018, long after the close of discovery and after the exhibit exchange, Plaintiff first identified certain witnesses and produced certain exhibits. The belated disclosure of these witnesses and exhibits is unduly prejudicial to Defendant. Because the disclosure was not made until after the close of discovery Defendant has not had an opportunity to depose the witnesses or engage in other discovery concerning their opinions. Plaintiff has not produced expert reports for the witnesses and, Defendant's experts have not had an opportunity to analyze and respond to this new evidence. Therefore, the following witness designations and records are **STRICKEN**:

| Witnesses | Exhibits |
|---|---|
| Dr. Mitchell Supler | Dr. Supler –Medical Records |
| Dr. Stephen Young | Dr. Stephen Young–Medical Records |
| Dr. Nathan Hanflick | Spine and Brian Neurosurgery Center |
| | Central Florida Imaging Specialists |
| | Physician Imaging |
| | Care Plus Health |

Additionally, Plaintiff is **precluded** from introducing testimony at trial from these witnesses and from offering these exhibits, and any corresponding records relating to the untimely disclosed witnesses' treatment of Plaintiff, into evidence at trial.

Plaintiff also failed to provide expert reports with respect to opinions on causation, prognosis, and/or future implications of the injuries he claims to have suffered. While Rule

26(a)(2)(B) reports are not required from treating physicians when their opinions are formed and based upon observations made during the course of treatment, where the proponent of the treating physician's testimony fails to demonstrate such opinions were formed and are based upon observations made during the course of treatment, Rule 26(a)(2)(B) reports are required. See In re Denture Cream Prod. Liab. Litig., No. 09-2051-MD, 2012 WL 13008163, at *1 (S.D. Fla. Nov. 14, 2012) (internal citations omitted). Here, Plaintiff was required to comply with Rule 26(a)(2)(C) for the treating physicians to testify beyond observations made during the course of their treatment. Because Plaintiff failed to meet the requirements of 26(a)(2)(C), his treating physicians' testimony shall be limited to facts and observations made during the course of treatment. Bostick v. State Farm Mut. Auto. Ins. Co., No. 8:16-CV-1400-T-33AAS, 2017 WL 2869967, at *2 (M.D. Fla. July 5, 2017).

This result should not come as a surprise, the Case Management and Scheduling Order governing this case provides:

> **Disclosure of Expert Testimony -** On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

(Doc. 25 at 3).

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record